UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SHAWN NEWTON,

                         Plaintiff,

    -against-

INSURANCE COMPANY and OTHER PARTIES,

                        Defendants.
----------------------------------------------------------------x

MEMORANDUM AND ORDER

08-CV-3494 (ENV)

VITALIANO, D.J.

       *Pro se* petitioner Shawn Newton ("Newton"), who is currently incarcerated at the Federal Medical Center in Butner, North Carolina, filed the above-captioned petition on August 15, 2008, ostensibly pursuant to 28 U.S.C. § 2241 ("Section 2241"). For the following reasons, the petition is dismissed.

## Discussion

      Section 2241 permits federal courts to entertain habeas corpus petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Though Newton's submission is nearly illegible, it is evident that he does not challenge the constitutionality of his conviction or his current incarceration. Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be dismissed.

      The Court is able to discern from Newton's submission references to "Bivens", "due process of law", "class action", and a request for hundreds of millions of dollars in damages. Critically absent, however, is any allegation of fact to support such claims. Pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) a plaintiff may recover damages for certain constitutional violations in a suit brought against

federal agents. Here, Newton alludes to injuries sustained by being "struck by two motor vehicles in Brooklyn" (Pet. ¶ 9), and, possibly, "disfirm/firmed [?] of my body to a woman and can't use my penis virtually any more" (Pet. ¶ 10). He does not, however, allege facts that would suggest a violation of his constitutional rights, nor does he identify any individual officials who might be responsible for any alleged deprivation of his rights.

Should Newton believe that his constitutional rights have been violated by federal officials, he may pursue a proper Bivens claim by filing a civil action in the appropriate federal court and by either paying the filing fee of $350 or submitting a request to proceed *in forma pauperis* ("IFP") and a Prisoner Authorization form for disbursement of funds pursuant to the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, ("PLRA"), 28 U.S.C. § 1915(a)(2). The Court warns, however, that the PLRA also contains a "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under [Section 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

28 U.S.C. § 1915(g). Newton already has filed at least three IFP actions in this Court since his incarceration, each of which has been dismissed as frivolous or malicious or for failure to state a claim. See Newton v. Handleman, No. 01 CV 2855 (DGT), slip op. (E.D.N.Y. Feb. 26, 2002), Newton v. Handleman, 01 CV 2875 (DGT), slip op. (E.D.N.Y. Feb. 26, 2002), aff'd Newton v. Handleman, 53 Fed. Appx. 151, 152, 2002 WL 31819586 (2d Cir. 2002), and Newton v. Clover, No. 05 CV 1570 (DGT), slip op. (E.D.N.Y. May 9, 2005). As such, IFP status may not be

available.

## Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 4, 2008

/S/
_____
ERIC N. VITALIANO
United States District Judge